IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

22-CR-6099-EAW

v.

DEREK HAGEN,

Defendant.

---

### STATEMENT OF THE GOVERNMENT
### WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, that the government hereby adopts all findings of the Presentence Investigation Report (PSR) (Dckt. 49) with respect to sentencing factors in this action.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing regarding the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

Asset Recovery Division
U.S. Attorney's Office WDNY
138 Delaware Avenue
Buffalo, New York 14202

If a letter is not received within ten (10) days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

For the reasons set forth in the government's December 18, 2024, letter to the Court, the government submits that the total offense level under the United States Sentencing Guidelines should be 38, and that the resulting sentencing range under the Guidelines should be 235 to 293 months imprisonment.

In light of the vile facts of this case, and given the consideration already afforded to the defendant by the terms of his plea agreement, the government respectfully submits that a sentence of 293 months imprisonment is appropriate in this case pursuant to 18 U.S.C. § 3553.

## **<u>Argument</u>**

The defendant is a dangerous pedophile. As detailed in the PSR, he sexually abused two children with whom he held a close relationship and over whom he routinely exercised supervisory control as a babysitter. The abuse occurred when one of the children was as young

as 2, and included anal sexual conduct, oral sexual conduct, ejaculation onto one of the children, and the touching of genitals. (PSR, ¶¶ 53, 60, 65). The defendant photographed the abuse on multiple occasions and distributed the images to other pedophiles. This took place in revulsive communications, in which the defendant appears to have planned for at least one individual to rape the children with him. (PSR, ¶ 41).

Some of the defendant's communications documented the real-time abuse of Victim 1, where the defendant would talk about performing a specific sex act with Victim 1, and then engage in that act. (PSR, ¶¶ 63-66). The defendant would photograph himself performing the act and distribute the photograph to the other person. *Id.* This included photographs depicting the defendant anally penetrating Victim 1, with the resulting ejaculate depicted on her buttocks. (PSR, ¶ 65). During such conversations, the defendant discussed drugging the Victims and transporting them to a hotel for sex with the defendant and another individual. (PSR, ¶ 66). Based on the images that he produced depicting the abuse of Victim 1, it appears that the defendant may in fact have used drugs, such as Benadryl, to cause Victim 1 to sleep while he abused her. (PSR, ¶ 63, 81).

The repulsive and evil nature of the defendant's conduct with respect to Victim 1 and Victim 2 cannot be overstated.

As part of his criminal conversations with other pedophiles, the defendant also discussed raping and torturing babies (PSR, ¶ 76); impregnating a teenaged girl so that he could sexually abuse her infant (PSR, ¶ 66); meeting children in arcades (PSR ¶ 62); and finding other children to sexually abuse – all while trading child pornography (produced and

pre-existing) to the point that the defendant amassed a collection of over 50,000 videos and images. (PSR, ¶ 94).

The defendant also placed himself in a professional position with the Brockport Child Development Center as a teacher's aide, where he had daily access to children as young as infants. As detailed in paragraph 71 of the PSR, the defendant photographed multiple children's genitals while changing their diapers or helping them learn to use the toilet. *Id.* The defendant then distributed those photographs in his chats with other pedophiles, in which he fantasized about sexually abusing the children. In one conversation, the defendant admitted that he had "played" with the genitals of a little girl, who he said "got a little mad when I touched it." (PSR, ¶ 73). The defendant went on to say "[i]f I was alone w her I woulda beat her" and that he "didn't realize how red [he] left her" referring to redness that he caused to the child's vagina. *Id.* When commenting about how he hoped the child's father would not notice the redness on her vagina, the defendant mocked "[b]ut his girl got her pussy played with." *Id.* At one point, the defendant also discussed sexually abusing a four-month-old baby that he was going to babysit, and a boy he "worked with" (possibly in a professional capacity), that was emotionally disturbed and "so very easy to manipulate." (PSR, ¶¶ 48-49).

The above represents but a glimpse of the depth of the defendant's predatory nature, which is more fully described in the PSR. Based on the horrible facts of this case, the defendant represents a clear danger to the most vulnerable members of society, children. Therefore the government requests that the Court impose a term of imprisonment of 293 months, followed by a protracted period of supervised release.

DATED:       Rochester, New York,
             December 18, 2024

                                    TRINI E. ROSS
                                    United States Attorney
                                    Western District of New York


                          BY:    s/KYLE P. ROSSI
                                 Assistant U.S. Attorney
                                 U.S. Attorney's Office
                                 100 State Street, Suite 500
                                 Rochester, New York 14614
                                 (585) 263-6760

TO:    Jessica Naclerio, Esq.
       Jessica Rider, USPO